Matter of Loscalzo (2021 NY Slip Op 03032)





Matter of Loscalzo


2021 NY Slip Op 03032


Decided on May 12, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
COLLEEN D. DUFFY, JJ.


2017-08752 

[*1]In the Matter of Francis James Loscalzo, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Francis James Loscalzo, respondent. (Attorney Registration No. 2754778)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee served and filed a notice of petition dated August 8, 2017, and a verified petition dated August 2, 2017, and the respondent served and filed a verified answer dated October 27, 2017. Subsequently, the Grievance Committee filed a statement of disputed and undisputed facts dated January 12, 2018. By decision and order on application of this Court dated April 4, 2018, the issues raised were referred to Lance D. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 24, 1996.



Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Russo, Karl, Widmaier & Cordano, PLLC, Hauppauge, NY (Richard T. Cordano of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated August 2, 2017, containing seven charges of professional misconduct. At a prehearing conference on October 30, 2018, the petitioner withdrew five of the seven charges. Thereafter, at an October 17, 2019 conference before the Special Referee, the respondent, by virtue of a stipulation of facts, admitted to the remaining charges in the petition. The matter was adjourned for a hearing on mitigation. After a hearing on November 14, 2019, the Special Referee submitted a report dated March 3, 2020, in which he sustained the remaining charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In response, the respondent has submitted an affirmation of counsel dated June 30, 2020, in which he does not oppose the findings of the Special Referee sustaining the charges, and requests that the Court, in view of the mitigating circumstances presented, impose a public censure.
The Petition 
Charge five alleges that the respondent practiced law under a trade name without disclosing the identity of the lawyer or lawyers practicing under such name, in violation of rule 7.5(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On or about October 16, 2013, the respondent, through his law firm Loscalzo & Associates, PLLC, entered into an attorney service contract with Luke K. Bellville, an attorney in the State of Minnesota. The contract provided that Loscalzo & Associates, PLLC, would assist [*2]Bellville with client development, client referrals, law firm marketing, customer service, and document processing with respect to foreclosure and nonforeclosure matters.
Subsequently, the respondent secured Greg Johnson, Louanne Paulson, Arturo Lemus, and Catherine and Paul Peterson as clients and provided each with a "welcome packet" bearing the name "LIGHTPATH LEGAL" on its letterhead. Included in the packet was a foreclosure intake worksheet that contained the respondent's office address and phone number but failed to disclose the identity of the lawyer or lawyers practicing under Lightpath Legal. Additionally, a letter dated January 30, 2014, and sent by the respondent's office to Lemus was signed, "Sincerely, Lightpath Legal," and provided the email address "support&commat;lightpathlegal.com," but failed to disclose the identity of the lawyer or lawyers practicing under Lightpath Legal.
Charge seven alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, based upon his failure to cooperate with the lawful demands of the petitioner in its investigation of a complaint filed against him, as follows:
By letter to the respondent's counsel dated January 5, 2017, the petitioner sought to arrange for the respondent to be examined under oath. Subsequently, an examination under oath (hereinafter EUO) was scheduled for February 10, 2017, which was confirmed in writing on January 24, 2017. Thereafter, the EUO was rescheduled for February 17, 2017, as confirmed in writing on February 8, 2017. On or about February 14, 2017, the respondent's counsel advised the petitioner that the respondent was refusing to appear for the scheduled EUO on February 17, 2017. By letter dated February 14, 2017, the respondent's counsel was advised that the EUO would proceed as scheduled, but the respondent failed to appear on February 17, 2017.
Thereafter, the petitioner obtained a judicial subpoena directing the respondent to appear for an EUO and, from in or around February 28, 2017, through March 8, 2017, attempted to serve the same upon him at his home and business address. On or about March 8, 2017, the respondent's counsel accepted service of the judicial subpoena on the respondent's behalf. Despite being served with a judicial subpoena, the respondent again failed to appear for an EUO scheduled on March 16, 2017. The petition alleges that the respondent had failed to appear before the petitioner to give testimony into this matter or otherwise cooperate with the petitioner in its investigation.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the charges. The petitioner's motion to confirm the report of the Special Referee is granted.
We find that the respondent made improper use of a trade name in violation of rule 7.5 of the Rules of Professional Conduct by failing to identify the lawyers who practiced under the name of Lightpath Legal. In doing so, the Court notes that the subsequent amendment to rule 7.5, effective June 24, 2020, still prohibits the conduct of the respondent as found herein.
Additionally, the respondent failed to comply with the lawful investigation of the petitioner, including failing to appear at two EUOs, one of which was compelled by subpoena.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, the respondent's remorse, his eventual cooperation with the petitioner, his unblemished disciplinary history, and the significant personal difficulties the respondent experienced during the petitioner's investigation.
Under the totality of the circumstances, the respondent is publicly censured.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS, and DUFFY, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Francis James Loscalzo, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court